### WILLIAM A. VANDOREN *against* AARON VANDOREN and AARON VANDOREN, Jun.

The propriety of an appeal should appear on the face of the appeal papers sent to the Court of Common Pleas, and if it does not, that court may dismiss the appeal.

If it appears by the transcript, that the justice took time to advise, and it does not appear that the defendant attended at the time the judgment was rendered, the Court of Common Pleas may dismiss the appeal.

Vandoren *v*. Vandoren.

This was an application for a *mandamus*, to be directed to the Court of Common Pleas of Somerset, to command them to restore an appeal; and came before this court upon the following state of the case, agreed upon by parties, viz:

This cause came on for hearing, before the judges of the Court of Common Pleas, in and for the county of Somerset. Whereupon the attorney for the appellees read the transcript of the justice, and by him sent up with the papers, from which it appeared that the parties attended before the justice on the return day of the summons. The plaintiff filed his copy of account, and the defendant filed his plea; and the cause was adjourned at the request of the plaintiff to the fifth day of June, 1826. On the fifth day of June, the adjourned day, both parties appeared ready for trial. The defendant moved for a non-suit, which was overruled. The plaintiff then examined three witnesses, and the defendant examined one witness. The transcript then sets out the following facts: "After hearing the evidence and proofs of the parties, and examined and compared their books of account, I took until Monday, the 26th inst., four o'clock P. M., at my house in the township of Bedminster. June 26th, 1826, gave judgment against defendant for forty dollars and fifty-five cents of debt, with three dollars and eleven cents costs of suit."

The attorney of the appellee moved to dismiss the appeal on the ground that this was a judgment given in the absence of the defendant.

And the court dismissed the appeal.

*Green*, for appellant.

*Vroom*, for appellee.

The Chief Justice delivered the opinion of the court.

We are of opinion the appeal in this case was rightly dismissed by the Court of Common Pleas. The entry on the

justice's docket, of the judgment appealed from, is in these words : After hearing, &c., " I took until Monday, the 26th inst., four o'clock P. M. at my house in the township of Bedminster. June 26, 1826, gave judgment against defendant for forty dollars and fifty-five cents of debt with three dollars and eleven cents costs of suit." A judgment rendered after time, taken by the justice to advise, if the defendant does not attend, has been repeatedly held to be a judgment, in the absence of the defendant within the meaning of the statute. *Clark* v. *Read*, 2 *South.* 486 ; *Pierson* v. *Pierson*, 2 *Halst.* 125 ; *Semple* v. *Amboy Trustees*, 3 *Halst.* 60. It is a clear and sound rule, that the propriety of an appeal should appear on the face of the papers sent to the Court of Common Pleas, or in other words, it should appear that the case is one in which an appeal will lie. But here the entry on the docket does not shew that the defendant was present, and therefore entitled to appeal; nor is his attendance to be presumed. The Court of Common Pleas could not therefore legally sustain the appeal. If in truth, the defendant was present when the judgment was rendered, instead of waiting in the Court of Common Pleas until the appeal was called for hearing and a motion was made to dismiss it, he should on the return of the transcript and papers, have obtained a rule from that court calling on the justice to certify whether he was present at the rendition of the judgment.

Motion for <em>mandamus</em> overruled.